UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IAN ILJAS,<br><br>    Plaintiff,<br><br>    v.<br><br>RIPLEY ENTERTAINMENT INC.,<br><br>    Defendant. | Case No. 18-cv-00136-JST (LB)<br><br>**ORDER ADDRESSING DISCOVERY DISPUTE**<br><br>Re: ECF No. 43 |

This order further documents the court's decisions during the discovery hearing on February 28, 2019 regarding the parties' discovery dispute.[1]

First, this employment-discrimination case is subject to the district's Initial Discovery Protocols for Employment Cases Alleging Adverse Action.[2] That protocol requires the defendant to produce within 30 days after its responsive pleading the following documents (among others): communications with the plaintiff; certain communications about him (involving his managers, supervisors, and human-resources representatives); all documents concerning the formation and termination of the employment relationship; his personnel file; his performance evaluations and

---

[1] Joint Letter Brief – ECF No. 43; *see* Discovery Order – ECF No. 47. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Compl. – ECF No. 1; Standing Order – ECF No. 15-2.

ORDER – No. 18-cv-00136-JST (LB)

formal discipline information; documents relied on to make the employment decision; workplace policies relevant to the adverse action (a category that covers Ripley's employment-severance policy); and the table of contents and index of any handbook or policies and procedures manual in effect. These required disclosures cover most or all of the disputes.

Second, the plaintiff essentially challenges the inadequacy of the defendant's production. The defendant produced over 18,000 pages of ESI (based on running key terms and producing all documents retrieved); the plaintiff's counsel — a sole practitioner — characterized this as a data dump that contained mostly irrelevant information.[3] This suggests that the defendant's counsel is not being sufficiently proactive to ensure that his client is conducting thorough and appropriate document searches. *Logtale, Ltd. v. IKOR, Inc.*, No. C 11-05452 CW (DMR), 2013 WL 3967750, at *2 (N.D. Cal. July 31, 2013). The Federal Rules put an affirmative obligation on an attorney to ensure that a client's search for responsive documents and information is complete. *Id.* The Protocol requires it too. Defense counsel intimated at the hearing that he cannot do anything if there is no information. That may be true, but it seems unlikely that there is not responsive information.

In any event, to ensure that the productions are complete, the court orders the defendant to produce all information required by the district's Initial Discovery Protocols for Employment Cases Alleging Adverse Action by March 15, 2019. With regard to the ESI and the severance policies, the defendant suggested a further meet-and-confer by the parties, and the court orders that process. The court cautions that this discovery ought to be easy and not difficult. The court expects the parties to work diligently in the next two weeks (by March 15) to identify a process to assure adequate responses to the plaintiff's requests for production. The defendant estimates that the production process will take four to six weeks. The court will allow that timeline (which will not affect the current case schedule) but expects a firm production plan to be in place by March 15.

---

[3] Joint Letter Brief – ECF No. 43 at 1–5.

As for the interrogatories, the defendants again estimate that the time to identify and produce underlying documents is four to six weeks, which presumably affects the time to provide updated, verified responses to the interrogatories. Again, the court will allow that process.

For interrogatory 8, the defendant has not sufficiently identified the burden. It seems unlikely that electronic payroll records that predate 2011 do not exist. Electronic payroll records generally permit an electronic search by category. If there really is a burden, the defendant may raise it more particularly, but it must make an effort to produce the relevant information.

The court orders the production of the color copy of the document and photograph without prejudice to the defendant's raising any burden issue. The court discussed on the record the ordinary means of identifying duplicate copies of documents in ESI. This should not be a burdensome process.

The parties resolved the issue about the adequacy of discovery about the plaintiff's replacement. The issue is moot.

At the hearing, the court explained that its letter-brief process replaces the ordinary motion to compel. The letter brief is the motion, essentially, and the court can always order more formal briefing if it needs it. The letter-brief process is meant to allow a collaborative, less-expensive, and faster means of resolving disputes. Because often (as here) adequate productions take time, the letter brief operates to allow any further challenges to the sufficiency of the defendant's productions. After the defendant certifies that production is complete, then within two weeks, the parties can file a joint letter addressing any remaining issues regarding the sufficiency of the production and the burdens for any greater production of responsive information.

This resolves ECF No. 43.

**IT IS SO ORDERED.**

Dated: March 1, 2019

_____
LAUREL BEELER
United States Magistrate Judge